## In re BOOTH'S ESTATE.

(District Court, D. Oregon. January 8, 1900.)

### No. 30.

BANKRUPTCY—LIENS UPON ESTATE—UNRECORDED MORTGAGE.

Under Bankr. Act 1898, § 67a, providing that "claims which, for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate," a trustee in bankruptcy occupies the position of a purchaser for value, without notice; and a creditor cannot enforce against property in

the hands of the trustee a chattel mortgage or other incumbrance which, for want of record and of actual notice, would not have been valid as against such a purchaser.

In Bankruptcy. On review of decision of referee in bankruptcy.

H. Denlinger, for trustee in bankruptcy.
W. E. Yates, for lien claimant.

BELLINGER, District Judge. In this case there is a claim of liens by H. F. Fischer, a creditor of the bankrupt, growing out of the following facts: On January 22, 1898, the bankrupt, being indebted to the claimant in the sum of $870, gave to him his promissory note of that date for the amount, and, to secure the same, with his wife, executed a bond, by which the obligors bound themselves, in the sum of $870, to sell and convey certain parcels of real estate belonging to the obligors, and upon which this bond is now sought to be enforced as a lien. On the same date the bankrupt, being indebted to the said Fischer in the further sum of $600, gave a second promissory note for that amount, and as security therefor executed and delivered to the claimant a chattel mortgage upon a steam launch then under construction by the maker of the note. The chattel mortgage was not filed for record, nor was there any record of the bond, or other notice of either of these instruments. The referee found against the claim of the liens, and such finding is approved. The bankrupt act provides that claims which, for want of record or other reasons, would not have been valid liens as against the claims of creditors of the bankrupt, shall not be liens against his estate. These liens could not have been maintained against a purchaser of the property for value without notice. In other words, this property is property that the bankrupt might have transferred, free from these claims of liens, to any purchaser not having notice; and it is not claimed in this case that there was any actual notice of the existence of these liens. The trustee of the bankrupt's estate stands in the position of a purchaser for value without notice.